**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JULIETTE RODRIGUEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; BAC HOME LOAN SERVICING, LP; RECONTRUST COMPANY, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns; DOES I through X, inclusive, and ROES 1 through X, inclusive,<br><br>  Defendants. | 2:11-cv-01877-ECR-CWH<br><br>**Order** |

Plaintiff is a homeowner who alleges Defendants wrongfully foreclosed on her home. Plaintiff asserts the following claims for relief: (1) Violations of the Nevada Deceptive Trade Practices Act; (2) Breach of Quasi-Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Wrongful Foreclosure; (5) Injunctive Relief; (6) Declaratory Relief; and (7) Rescission. Now pending is Plaintiff's Motion to Remand (#6) and Motion to Stay (#17). The motions are ripe and we now rule on them.

## I. Background

On or about May 11, 2007, Plaintiff took out a loan in the amount of $323,620.00 (the "loan") from Countrywide KB Home Loans ("Countrywide") for the purchase of the real property located at 26 Archer Glen Avenue, Henderson, NV 89121 (Compl. at ¶ 10 (#1-1).) On July 1, 2008, Defendant Bank of America purchased Countrywide and became the servicer and beneficiary of the loan. (Id. at ¶¶ 12-13.) Plaintiff defaulted on the mortgage, and Bank of America directed Defendant ReconTrust Company, N.A. ("ReconTrust") to initiate foreclosure proceedings. (Id. at ¶¶ 14-15.)

ReconTrust recorded a Notice of Default and Election to Sell on February 2, 2009, and a Notice of Trustee Sale on May 7, 2009, but the May 7, 2009 sale never went through. (Id. at ¶¶ 16-17.) ReconTrust recorded a second Notice of Trustee Sale on February 17, 2011. (Id. at ¶ 18.)

Plaintiff completed and returned a loan modification request packet to Bank of America on February 22, 2011. (Id. at ¶ 19.) Thereafter, Plaintiff and Bank of America continued communications regarding Bank of America's review of Plaintiff's request for a loan modification, and Plaintiff sent requested documents to Bank of America on several occasions. (Id. at ¶¶ 20-45.)

The property was sold at a Trustee Sale on June 28, 2011 and was purchased by Defendant Federal National Mortgage Association ("FNMA"). (Id. at ¶ 47.) On or about July 8, 2011, FNMA recorded a Trustee's Deed reflecting its purchase of the property. (Id. at ¶ 52.)

Defendant FNMA subsequently filed an unlawful detainer action in the Henderson Justice Court of Clark County, Nevada. (Id. at ¶ 53.) On October 19, 2011, the Henderson Justice Court denied Plaintiff's Demand for Cost Bond and a Writ of Restitution and entered an order of eviction against Plaintiff. (Id. at ¶ 55.) Plaintiff appealed the denial to the Eighth Judicial District Court in and for the County of Clark (the "State Court"). (Id. at ¶ 56.) On January 24, 2012, the State Court affirmed the decision of the Henderson Justice Court and closed the case. See Rodriguez v. Fed. Nat'l Mortg. Ass'n, No. A-11-650319-A (Nev. Dist. Ct. Jan. 24, 2012).

Meanwhile, Plaintiff filed the complaint (#1-1) in the State Court on October 14, 2011. Defendants removed the case to this Court on October 21, 2011, invoking the Court's diversity jurisdiction. (Pet. Removal (#1).)

On December 5, 2011, Plaintiff filed a Motion to Remand (#6). Defendants responded (#11) on December 22, 2011. Plaintiff did not reply.

On December 12, 2011, Defendants filed a Motion to Dismiss (#8). Plaintiff did not respond.

On January 11, 2012, Plaintiff filed a Motion to Stay (#17), seeking to extend the time for Plaintiff to respond to, and to stay any hearing and decision on the Motion to Dismiss (#8) pending the outcome of Plaintiff's Motion to Remand (#6). Defendants responded (#19) on February 3, 2012, and Plaintiff replied (#20) on February 10, 2012.

3

## II. Legal Standard

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal of a case to a United States District Court may be challenged by motion, and a federal court must remand a matter if there is a lack of jurisdiction. 28 U.S.C. § 1441(c). Removal statutes are construed restrictively and in favor of remanding a case to state court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper. Gaus, 980 F.2d at 566-67; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). For this reason, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

### III. Discussion

Plaintiffs contend that the matter should be remanded to the State Court because there is no diversity jurisdiction and that regardless, the Court should abstain from hearing the matter which sounds in state law.

**A. Diversity Jurisdiction**

Plaintiffs contend that the parties lack complete diversity because Defendant ReconTrust, like Plaintiff, is a citizen of the State of Nevada.  Specifically, Plaintiff's present that the Nevada Secretary of State's website lists ReconTrust as a dissolved domestic corporation.

Federal law provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  The Supreme Court has further clarified that a national bank is located "in the State designated in its articles of association as its main office."  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).  Furthermore, for the purposes of analyzing diversity, a party's residency is to be determined at the time the complaint was filed and the removal effected.  See Strotek Corp. v. Air. Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).

As of October 31, 2011, the records of the Office of the Comptroller of the Currency listed ReconTrust as a national bank headquartered in Simi Valley, California.  (Nat'l Banks List (#14-1) at 16.)  Because ReconTrust is a national banking association, it is

5

deemed a citizen of California, where it is headquartered. 28 U.S.C. § 1348; see also Wachovia Bank, 546 U.S. at 307 n.1 (citing to the records of the Office of the Comptroller of the Currency as evidence of the headquarters of national banking associations). Because ReconTrust is currently headquartered in California and was headquartered in California at the time this action was filed and removed, ReconTrust is a California resident. Consequently, the parties are completely diverse. As it is undisputed that none of the other Defendants are residents of Nevada and the amount in controversy exceeds $75,000, the Court may exercise its diversity jurisdiction and will not remand the matter on this ground.

**B. Abstention**

Plaintiff argues that federal courts should abstain from making state law, arguing that there have been inconsistent rulings within this District, that this Court would have to predict how the Nevada Supreme Court would rule on certain state law matters, and that the possibility of making a ruling that conflicts with state law decisions should be avoided. However, these potential problems are not peculiar to the federal courts. The State Court would also be in a position of avoiding inconsistent rulings and having to predict how the Nevada Supreme Court would likely rule on an unaddressed issue of state law. The Court will therefore decline, in its discretion, to abstain for these reasons.

Plaintiff also alludes to the prior exclusive jurisdiction doctrine as pronounced by the Ninth Circuit in Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011), which,

6

where it applies, requires federal courts to stay or dismiss federal actions in favor of state-court litigation. In Chapman, the Ninth Circuit held that the doctrine of prior exclusive jurisdiction holds that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." Id. (quoting Marshall v. Marshall, 547 U.S. 293, 311 (2006)). As summarized by the Supreme Court:

> Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded form exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

Kline v. Burke Constr. Co., 260 U.S. 226, 229 (1922), *quoted in* Chapman, 651 F.3d at 1043-44. The doctrine therefore applies only when both actions are *in rem* or *quasi in rem*, and does not apply when if either action is *in personam*. Chapman, 651 F.3d at 1044 (citing State Eng'r, 339 F.3d at 811).

> Accordingly, where parallel state and federal proceedings seek to determine interests in specific property as against the whole world (*in rem*), or where the parties' interest in the property serve as the basis of jurisdiction for the parallel proceedings (*quasi in rem*), then the doctrine of prior exclusive jurisdiction fully applies.

Chapman, 651 F.3d at 1044 (internal quotation marks, alterations, and citations omitted). Furthermore, where the doctrine applies, it is "no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 810 (9th Cir.

7

2003) (citations and internal quotation mark omitted); see also Chapman, 651 F.3d at 1044 n.1 ("[I]f the doctrine applies, it is legal error for a district court not to remand, dismiss, or stay federal proceedings on account of the state court's prior exercise of jurisdiction, and any decision on the merits must be vacated.").

We therefore must determine whether the two actions are characterized as *in rem*, *quasi in rem*, or *in personam* under Nevada law. If both the unlawful detainer action in State Court and the wrongful foreclosure/breach of contract action alleged in this Court are characterized as *in rem* or *quasi in rem*, the prior exclusive jurisdiction doctrine applies. Id. at 1045. If either action is *in personam*, then the prior exclusive jurisdiction doctrine will not apply. Id. at 1046 n. 3. For example, in Chapman, the bank filed an unlawful detainer action against the plaintiff in state court prior to the plaintiff filing a separate quiet title action in state court, which the bank removed to federal court. Id. at 1044-45. The Ninth Circuit concluded that the characterization of each cause of action was an unresolved issue of state law and certified the following questions to the Nevada Supreme Court:

> 1. Is a quiet title action under Nevada Revised Statues § 40.010, which is premised on an allegedly invalid trustee's sale under Nevada Revised Statutes § 107.080(5)(a), properly characterized under Nevada law as a proceeding *in person*, *in rem*, or *quasi in rem*?
>
> 2. Is an unlawful detainer action under Nevada Revised Statutes § 40.255(1)(c) properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

Id. at 1048. For this reason, we decline to rule on whether the unlawful detainer action against Plaintiff in State Court can be

characterized as *in rem*, *quasi in rem*, or *in personam*, and leave that matter, appropriately, to the Nevada Supreme Court.

Further, we decline to rule on whether Plaintiff's causes of action asserted in this Court are properly characterized as *in rem*, *quasi in rem*, or *in personam*, an open question of state law unnecessary to the disposition of this case. Instead, we find that the prior exclusive jurisdiction does not apply here, regardless of the jurisdictional characterization of each action, because the unlawful detainer action has already been resolved by the State Court. The unlawful detainer action terminated on January 24, 2012, when the State Court affirmed the decision of the Henderson Justice Court and closed the case. See Rodriguez v. Fed. Nat'l Mortg. Ass'n, No. A-11-650319-A (Nev. Dist. Ct. Jan. 24, 2012). Assuming *arguendo* that the unlawful detainer action may properly be characterized as *in rem*, the State Court is no longer exercising jurisdiction over the *res*, and for this reason, this Court is not precluded from exercising *in rem* jurisdiction over the same *res*. See Marshall, 547 U.S. at 311 ("[W]hen one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."). That is, by exercising jurisdiction over this matter, we are in no way interfering with or impairing the State Court's jurisdiction over the unlawful detainer action. We need not stay the action pending a decision by the State Court in the unlawful detainer action, as that decision has already been handed down. We need not remand the matter to be consolidated with Plaintiff's appeal to the State Court in the unlawful detainer

action, as that appeal has terminated.  Finally, we need not stay this case pending the outcome of Chapman and the determination by the Nevada Supreme Court of the jurisdictional characterization of unlawful detainer and quiet title actions under Nevada law, as the prior exclusive jurisdiction doctrine does not apply in this case regardless of the outcome of Chapman.  Plaintiff's Motion to Remand (#6) will therefore be denied.

**C. Attorney's Fees**

Plaintiff's motion to remand (#6) also contains a request for an award of attorney's fees should this court remand the matter to the State Court pursuant to 28 U.S.C. § 1447(c).  Because we deny Plaintiff's Motion to Remand (#6), we also deny the request for attorney's fees.

### IV. Conclusion

Plaintiff has failed to establish grounds for remand.  The Court may properly exercise diversity jurisdiction because the parties are completely diverse.  Furthermore, the prior exclusive jurisdiction doctrine does not apply where there is no longer a pending action in state court relating to the property.  The Court may therefore properly exercise jurisdiction over the matter.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion to Remand (#6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (#17) is **DENIED** as moot.

10

1    **IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days within which to file a response to Defendants' Motion to Dismiss (#8).

DATED: June 21, 2012.

_____
UNITED STATES DISTRICT JUDGE

11