```
                      UNITED STATES DISTRICT COURT
                           DISTRICT OF NEVADA
```

| | |
|---|---|
| JULIETTE RODRIGUEZ, | 2:11-cv-01877-ECR-CWH |
| Plaintiff, | **Order** |
| vs. | |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; BAC HOME LOAN SERVICING, LP; RECONTRUST COMPANY, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns; DOES I through X, inclusive, and ROES 1 through X, inclusive, | |
| Defendants. | |

  Plaintiff is a homeowner who alleges Defendants wrongfully foreclosed on her home.  Plaintiff asserts the following claims for relief: (1) Violations of the Nevada Deceptive Trade Practices Act; (2) Breach of Quasi-Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Wrongful Foreclosure; (5) Injunctive Relief; (6) Declaratory Relief; and (7) Rescission.  Now pending is Defendants' Motion to Dismiss (#8).  The motion is ripe and we now rule on it.

## I. Background

On or about May 11, 2007, Plaintiff took out a loan in the amount of $323,620.00 (the "loan") from Countrywide KB Home Loans ("Countrywide") for the purchase of the real property located at 26 Archer Glen Avenue, Henderson, NV 89121 (Compl. ¶ 10 (#1-1).) On July 1, 2008, Defendant Bank of America purchased Countrywide and became the servicer and beneficiary of the loan. (Id. ¶¶ 12-13.) Plaintiff defaulted on the mortgage, and Bank of America directed Defendant ReconTrust Company, N.A. ("ReconTrust") to initiate foreclosure proceedings. (Id. ¶¶ 14-15.)

ReconTrust recorded a Notice of Default and Election to Sell on February 2, 2009, and a Notice of Trustee Sale on May 7, 2009, but the May 7, 2009 sale never went through. (Id. ¶¶ 16-17.) ReconTrust recorded a second Notice of Trustee Sale on February 17, 2011. (Id. ¶ 18.)

Plaintiff completed and returned a loan modification request packet to Bank of America on February 22, 2011. (Id. ¶ 19.) Thereafter, Plaintiff and Bank of America continued communications regarding Bank of America's review of Plaintiff's request for a loan modification, and Plaintiff sent, re-sent, and updated requested documents to several different employees of Bank of America on several occasions. (Id. ¶¶ 20-45.)

The property was sold at a Trustee Sale on June 28, 2011, while Plaintiff's loan modification request was still in review with Bank of America, and was purchased by Defendant Federal National Mortgage Association ("FNMA"). (Id. ¶¶ 47-48.) On or about July 8, 2011,

1  FNMA recorded a Trustee's Deed reflecting its purchase of the
2  property.  (Id. ¶ 52.)
3      Plaintiff filed the complaint (#1-1) in the State Court on
4  October 14, 2011.  Defendants removed the case to this Court on
5  October 21, 2011, invoking the Court's diversity jurisdiction.
6  (Pet. Removal (#1).)
7      On December 12, 2011, Defendants filed a Motion to Dismiss
8  (#8).  On December 28, 2011, the Magistrate Judge granted (#13) the
9  parties' joint stipulation (#12) to extend the time for Plaintiff to
10 respond to the Motion to Dismiss (#8).  On January 11, 2012,
11 Plaintiffs file a Motion to Stay (#17).  On June 21, 2012, we denied
12 (#21) Plaintiff's Motion to Remand (#6) and Motion to Stay (#17),
13 and ordered Plaintiff to file a response to the Motion to Dismiss
14 (#8) within fourteen days.  Plaintiff did not respond.

## II. Legal Standard

17     Courts engage in a two-step analysis in ruling on a motion to
18 dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp.
19 v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-
20 conclusory allegations as true.  Iqbal, 129 S. Ct. at 1949.
21 "Threadbare recitals of the elements of a cause of action, supported
22 by mere conclusory statements, do not suffice." Id. (citing Twombly,
23 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more
24 than an unadorned, the-defendant-unlawfully-harmed-me accusation."
25 Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of
26 discovery for a plaintiff armed with nothing more than conclusions."

Id. at 1950.  The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

### III. Discussion

The Court notes that Plaintiff has twice failed to respond to Defendants' Motion to Dismiss (#8).  Accordingly, Plaintiff consents to the granting of the motion pursuant to Local Rule 7-2(d) and the Court thereby grants it.  The Court will, however, proceed to analyze Plaintiff's claims as follows.

**A. Violations of the Nevada Deceptive Trade Practices Act**

Plaintiff claims that "Bank of America's misrepresentation to Plaintiff regarding the operation of its mortgage modification practice violates the Nevada Deceptive Practices Act." (Compl. ¶ 58 (#1-1).) Specifically, Plaintiff claims that Defendants breached Nev. Rev. Stat. §§ 598.0915(9), (15) and 598.092(8). Nev. Rev. Stat. § 598.0915(9) makes it a deceptive trade practice for a person to "advertise goods or services with the intent not to sell or lease them as advertised." Section 598.0915(15) makes it a deceptive trade practice for a person to "knowingly make any other false representation in a transaction. Finally, § 598.092(8) makes it a deceptive trade practice for a person to "knowingly misrepresent the legal rights, obligations or remedies of a party to a transaction."

While it is not readily apparent from the text of the statute, Courts in this jurisdiction have routinely held that the Nevada Deceptive Trade Practices Act does not apply to mortgage transactions and real estate, but only to transactions of goods and services. See, e.g., Baudoin v. Lender Processing Servs., No. 2:12-CV-114 JCM (CWH), 2012 WL 2367820, at *3 (D. Nev. Jun. 21, 2012); Reyes v. BAC Home Loans Servicing, LP, No. 2:11-CV-01367-KJD, 2012 WL 2367803, at *2 (D. Nev. Jun. 21, 2012); Rivera v. Nat'l Default Servicing Corp., No. 2:12-CV-629 JCM (RJJ), 2012 WL 2789015, at *2-3 (D. Nev. Jul. 6, 2012); Archer v. Bank of Am. Corp., No. 2:11-CV-1264 JCM (RJJ), 2011 WL 6752562, at *2 (D. Nev. Dec. 23, 2011); Reyna v. Wells Fargo Bank, N.A., No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. Jul. 11, 2011); Alexander v. Aurora Loan

5

1  Serv., No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, at *2 (D. Nev.
2  Jul. 8, 2010).  Moreover, the Nevada Legislature has adopted
3  legislation that deals specifically with lending practices, see Nev.
4  Rev. Stat. §598D, supporting the conclusion that Nev. Rev. Stat. §§
5  598.0915 and 598.092 do not apply to real estate transactions.
6  These statutes therefore do not provide an avenue for relief
7  regarding Plaintiff's real estate transaction and Plaintiff's first
8  claim must be dismissed.

**B. Breach of Quasi-Contract**

Plaintiff claims that Defendants breached their duty to Plaintiff by failing to properly handle her loae modification request and proceeding with the Trustee Sale while Plaintiff's request was still in review, and that Plaintiff relied on Defendants' misrepresentations to her detriment.  (Compl. §§ 65-76 (#1-1).)

Under Nevada law, "restitution" and "unjust enrichment" "are the modern counterparts of the doctrine of quasi-contract." Scaffidi v. United Nissan, 425 F.Supp.2d 1159, 1170 (D. Nev. 2005) (quoting Unionamerica Mortg. & Equity Trust v. McDonald, 626 P.2d 1272, 1273 (Nev. 1981)).

> The concept of a quasi-contract is an equitable principal under which the court implies a contract where a contract should have been formed, but for some reason was not, to prevent the "unjust retention of money or property of another against the fundamental principles of justice or equity and good conscience."

Roader v. Atl. Richfield Co., No. 3:11-cv-105-RCJ-WGC, 2012 WL 1716169, at *2 (D. Nev. May 11, 2012) (quoting Asphalt Prods. Corp.

v. All Star Ready Mix, Inc., 898 P.2d 699, 701 (Nev. 1995)). Accordingly, the Nevada Supreme Court has provided that the

> essential elements of quasi contract are [1] a benefit conferred on the defendant by the plaintiff, [2] appreciation by the defendant of such benefit, and [3] acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997) (quoting Unionamerica Mortg., 626 P.2d at 1273).

Plaintiff has not alleged and cannot show that she conferred a benefit upon Defendants, nor that Defendants appreciated the benefit. Moreover, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp., 942 P.2d at 187. Here, Plaintiff entered into an express written agreement, the Note and Deed of Trust, with Bank of America. (Compl. ¶¶ 10-11 (#1-1).) The Court is therefore without power to imply an agreement given the existence of a written contract.

Additionally, Plaintiff's claim fails because, contrary to Plaintiff's allegations, Defendants did not owe Plaintiff, a borrower, a duty under Nevada law:

> Although the Nevada Supreme Court has not ruled on the issue, this Court and the Ninth Circuit Court of Appeals have predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."

Megino v. Lineral Fin., No. 2:09-CV-00370, 2011 WL 53086, at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors

7

Acceptance Corp, 359 F.Supp.2d 1075, 1090 (D. Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)). See also Saniel v. Recontrust Co., No. 2:09-cv-2290-RLH-RJJ, 2010 WL 2555625, at *3 (D. Nev. Jun. 23, 2010) (holding that a "typical lender-borrow relationship" does not constitute a special relationship and therefore does not give rise to a fiduciary duty). Where there is no duty, there is no breach. Wensley v. First Nat'l Bank of Nev., --- F.Supp.2d ---, No. 3:11-cv-00809-ECR-WGC, 2012 WL 1971773, at *5 (D. Nev. May 31, 2012). For the foregoing reasons, Plaintiff's second cause of action for breach of quasi-contract fails.

**C. Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's third cause of action alleges that Defendants breached the implied covenant of good faith and fair dealing by falsely representing that Plaintiff's loan was being modified and that no foreclosure would proceed during the modification process. (Compl. ¶ 79 (#1-1).)

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw. Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). This duty prohibits each party to a contract from doing anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show that (1) the

8

plaintiff and defendant were parties to a contract; (2) the defendant owed plaintiff a duty of good faith and fair dealing; (3) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995) (citing Hilton Hotels, 808 P.2d at 922-23).

In Wensley, the plaintiff made nearly identical allegations that the defendants had breached the covenant of good faith and fair dealing by offering to consider the plaintiff's loan modification request and telling her the foreclosure was postponed when it was not. 2012 WL 1971773, at *4. We dismissed the plaintiff's cause of action in Wensley "[b]ecause there [was] no loan modification contract, and because none of these actions, even if true, contravene the intention or spirit of any existing contracts between Plaintiff and Defendants." Id. We hold again here that even taking Plaintiff's allegations as true, Plaintiff has pleaded no facts that establish or even give rise to an inference that Defendants' actions contravened the intention or spirit of the Note or the Deed of Trust. Plaintiff's third cause of action therefore fails and must be dismissed.

**D. Wrongful Foreclosure**

Plaintiff alleges that Defendants wrongfully foreclosed on Plaintiff's property while the loan modification request was in review, and that Defendants had no authority to foreclose on Plaintiff's property without providing notice that her modification request was denied. (Compl. ¶¶ 82-85 (#1-1).)

9

1    Pursuant to Nevada law,

2    An action for the tort of wrongful foreclosure will lie if
     the trustor or mortgagor can establish that at the time
3    the power of sale was exercised or the foreclosure
     occurred, no breach of condition or failure of performance
4    existed on the mortgagor's or trustor's part which would
     have authorized the foreclosure or exercise of the power
5    of sale.

6  Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.

7  1983); see also Cervantes v. Countrywide Home Loans, 656 F.3d 1034,

8  1044 (9th Cir. 2011) (holding that plaintiff-appellants cannot state

9  a claim for wrongful foreclosure while in default).  Because

10 Plaintiff admits that she was in default, (Compl. ¶¶ 14-15 (#1-1)),

11 Defendants had authority to foreclosure and Plaintiff's wrongful

12 foreclosure claim must be dismissed.

13      Moreover, Nevada's foreclosure statute, Nev. Rev. Stat. §

14 107.080, is comprehensive and does not require a lender to provide a

15 borrower with notice that his or her loan modification request has

16 been denied before proceeding with foreclosure.  Section

17 107.080(2)(c), governing notice to a borrower, requires only that

18 the beneficiary, its successor in interest, or trustee record a

19 notice of breach and of the election to sell.  Plaintiff's alleged

20 facts establish that Defendants comported with the requirements of

21 the statute.  As such, the foreclosure was proper and Plaintiff's

22 claim must be dismissed.

**E. Injunctive and Declaratory Relief**

24      Injunctive and declaratory relief are remedies, not independent

25 causes of action.  Parker v. Greenpoint Mortg. Funding Inc., No.

26 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, at *5 (D. Nev. Jul. 15,

10

2011); In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). Because we have dismissed all of Plaintiff's substantive causes of action, and because the foreclosure upon Plaintiff's home was proper and comported with the requirements of Nev. Rev. Stat. § 107.080, Plaintiff's fifth and sixth causes of action for injunctive and declaratory relief must also be dismissed.

**F. Rescission**

Furthermore, like Plaintiff's "claims" for declaratory and injunctive relief, rescission is a remedy and not an independent cause of action under Nevada law. Frederick v. Fed. Nat'l Mortg. Ass'n, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801, at *6 (D. Nev. Apr. 18, 2012); see also Great Am. Ins. Co. v. Gen. Builders, Inc., 934 P.2d 256 (Nev. 1997) ("[R]escission is not a claim, but rather a remedy."). Moreover, as noted above, Defendants properly foreclosed on Plaintiff's property and Plaintiff therefore has no grounds for rescission of the sale of the property. Because we dismiss all of Plaintiff's substantive claims, we will also dismiss Plaintiff's seventh "claim" for the remedy of rescission.

### IV. Conclusion

Plaintiff's causes of action fail because the foreclosure upon Plaintiff's home was proper: Plaintiff was in default and Defendants followed the requirements of Nevada's foreclosure law. The fact that the foreclosure proceeded while Plaintiff's loan modification request was in review does not give rise to a cause of action.

11

Accordingly, Plaintiff's claims must be dismissed with prejudice, as leave to amend would prove futile.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion to Dismiss (#8) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: August 8, 2012.

_____
UNITED STATES DISTRICT JUDGE

12